# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK POLICH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE NATIONAL SERVICES, INC., a New York corporation; MARCUS HEPPARD, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV09-615 CJC (ANx)<br><br>[PROPOSED] ORDER RE: JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS |

By this stipulated Order, the Parties seek this Court's approval of the settlement of Plaintiff Jack Polich's claims, the consideration of which includes, among other things, a release of any and all claims that Plaintiff has (or had) against Defendants JPMORGAN CHASE BANK, N.A., improperly named in the Complaint as J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. ("Chase") and individual defendant MARCUS HEPPARD ("Heppard" and together with Chase, the "Defendants") for wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 210, *et seq.* FLSA claims can be settled under the supervision of either the Secretary of Labor or the district court. *Lynn's Food*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21455888

1  *Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982)).  To obtain
2  district court approval, the parties must "present to the court a proposed settlement,
3  upon which the court may enter a stipulated judgment only after scrutinizing the
4  settlement for fairness."  *See Yue Zhou v. Wang's Rest.*, 2007 WL 2298046 at *1
5  (N.D. Cal. Aug. 8, 2007) (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at 1353 and
6  *Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n. 8 (1946)).  Moreover, "[i]n reviewing
7  the fairness of such a settlement, a court must determine whether the settlement is a
8  fair and reasonable resolution of a bona fide dispute."  *Yue Zhou*, 2007 WL
9  2298046 at *1 (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354) ("If a settlement
10  in an employee FLSA suit … reflect[s] a reasonable compromise over issues, such
11  as FLSA coverage or computation of back wages, that are actually in dispute[,] we
12  allow the district court to approve the settlement in order to promote the policy of
13  encouraging settlement of litigation.")).

14  After a confidential *in camera* review of the Settlement Agreement presented
15  by the Parties, the Court determines that the terms of the settlement of this single-
16  plaintiff litigation are fair and reflect a reasonable compromise of Plaintiff's claims,
17  including the amount contemplated to be paid to Plaintiff for resolution of his
18  claims.  The Court, moreover, has determined that the agreement is not the product
19  of fraud or overreaching by, or collusion between, the negotiating parties, and that
20  the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.
21  *See, e.g., Officers for Justice v. Civil Service Commission,* 688 F. 2d 615, 625 (9th
22  Cir. 1982).  Finally, in approving the Parties' settlement agreement, the Court
23  balanced numerous factors, including the strength of Plaintiff's case; the risk,
24  expense, complexity, and likely duration of further litigation; the extent of the
25  discovery completed, the stage of the proceedings, and the experience and views of
26  counsel.  *See, e.g., Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1375 (9th
27  Cir. 1993).  Accordingly, the Court approves the settlement in its entirety.

28  The Court, thus having approved of the settlement of the claims in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21455888                          -2-

matter, hereby DISMISSES WITH PREJUDICE all claims which were brought, or could have been brought, by Plaintiff Jack Polich in his Complaint. This Court further approves the release by Plaintiff of any claims and potential claims as set forth in the Settlement Agreement, including, but not limited to, any and all claims against all Defendants for wages under the FLSA.

Neither this Order nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) of an adjudication of the merits of this case or that any Party has prevailed in this case; or (b) that Defendants or others have engaged in any wrongdoing.

IT IS SO ORDERED.

DATED: January 5, 2010

_____
Hon. Cormac J. Carney
Judge of the District Court